F I L E D
JACKSONVILLE, FLORIDA

MAY 1 1 2021
Via email
CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                    CASE NO.: 3:19-bk-03711-JAF
                                          CHAPTER: 12

SHANE M. HAFFEY

            Debtor.

_____/

## DEBTOR'S EXPEDITED MOTION TO STAY/PLACE CASE IN ABEYANCE, FOR SANCTIONS AGAINST ATTORNEY THOMAS ADAM AND FOR AN ORDER TO SHOW CAUSE WHY THOMAS ADAM SHOULD NOT BE HELD IN CIVIL CONTEMPT

Comes the Debtor and hereby Moves the Court to immediately stay these proceedings and issue an Order pursuant to Fed. R. Bankr. P. 9020. The Debtor moves this Court for an order entering sanctions against the Attorney, Thomas Adam, for his failure to comply with this Court's Order Granting Defendant's Motion to Compel the return of the Debtor's file, Doc. #151, Filed. 04/09/21. To date, Thomas Adam has not returned the File to the Debtor. The failure to return the file raises due process issues in regard to the continuation of the case and the Debtor has suffered damages as a result.

Additionally, the Debtor moves this Court for an order to show cause why Thomas Adam should not be held in contempt for violating the Court's Order and requests that he is banned or barred from further participation in front of the Court as a sanction.

Jurisdiction for this Motion rests with the Court pursuant to Fed. R. Bankr. P. 9020, and the bankruptcy court's authority to hold a party in contempt derives from several sources, including the inherent authority of any court to regulate the conduct of those appearing before it, 11 U.S.C.

§105 (the power to issue orders necessary or appropriate to carry out the Bankruptcy Code), 28 U.S.C. § 157(b) (jurisdiction of bankruptcy courts to hear "core" matters.). The Motion is respectfully based on the following:

On February 24, 2021, the Court Granted the Motion of Thomas Adam to withdraw as the Debtor's attorney of record. Doc. #109, Filed 02/24/2021. "Service Instructions: Thomas Adam is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 02/24/2021)." To this day, the Debtor has yet to receive the Order from Adam.

The Motion to Withdraw as counsel contained the standard request that the proceedings be stayed for thirty (30) days to allow the return of the original file, and with the file in hand; thirty (30) days would presumably allow the Debtor adequate time to retain new counsel. The Order to Withdraw provided the Debtor thirty (30) days to obtain counsel, but did not explicitly Stay the proceedings.

Under the Rules, during the time period between the date the Motion was heard; the date the Order was entered and up and until the date the Order should have been properly served by Adam; Adam remained and arguably remains, counsel of record.

Since the matter was not Stayed or held in abeyance; and while Adam remained counsel of record, a bevy of Motions and activity occurred for which Mr. Adam failed to participate or respond to the proceedings. The Debtor has incurred damages as a result.

The Debtor has had his due process rights violated and his due process rights continue to be violated while the case motors onward. The Debtor was forced to file a Motion to Compel, for the additional purpose of forcing Adam to file the Certificate of Service on the Amended Order

allowing him to withdraw.  Although the Certificate allows him a presumption of service, the Debtor verifies for the record that he has yet to receive the Order by post.

The original docket entry, for the "Order Granting Motion for Leave To Withdraw as Counsel (Related Doc # 81). Service Instructions: Thomas Adam is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 01/26/2021)," Doc. #100, was likewise ignored as to the service instructions.  There is no Certificate of Service in the record.   Mr. Adam did not give the Debtor actual Notice by electronic mail or by mail via the U.S.P.S., and the docket reveals that Mr. Adam did not file the Court Ordered Certificate of Service.

Although the failure to file the Certificate of Service or serve the first Order, may now be arguably procedurally moot, due to the subsequent Amendment of the Order; the failure to give Notice of the first Withdrawal Order, raises due process issues, and illustrates Adam's negligent method of operation.   Debtor has suffered damages as a result.

The Docket reveals that whilst the Debtor has been in a "counsel limbo," and the proceedings not explicitly Stayed, the creditors of the Debtor have been able to file more Motions and obtain more Orders through negative Notice and/or Adam's Failure to Respond, than the remainder of the record combined.

Prior to Adam's departure, the record shows very little participation on his behalf, save for his multiple self-serving Motions to delay the proceedings.

The Debtor retained Thomas Adam as counsel with his Petition and schedules in hand and a draft of his Plan.   The Plan was filed within six (6) weeks of the Petition and well before the ninety (90) day deadline.  The Confirmation was scheduled for December.  But for Adam's gross

negligence and orchestrated delay, the Debtor could have had a plan confirmed, been making payments to the Trustee by January 2020 and been half way through the tenure of his Plan.

Mr. Adam's delay and disrespect for this Court in the Motion *subjudice*, is consistent with his disrespect for his client. The Debtor paid Mr. Adam a retainer of five thousand dollars, ($5,000.00) The fee is listed on the Debtor's schedules. The Debtor came to Mr. Adam with a completed Petition, schedules and a draft of a proposed plan. Mr. Adam held himself out as an expert in Chapter 12 reorganization and touted his success as specialist in Chapter 11 reorganization; the most complicated of the chapters.

The Debtor's Chapter 12 Petition was filed September 30, 2019. The Plan filed November 14, 2019. The Confirmation was set for December 18, 2019. There were no objections filed to the Plan for the December 18, 2019 Confirmation.

On December 10, 2019, Without Notice or consultation with the Debtor, Adam took it upon himself to then file a Motion to Reschedule the Confirmation hearing. The Order was Granted on December 11, 2019. There was no reason or benefit to the Debtor for Adam's deliberate cancellation of the Confirmation hearing and the Motion was made for Adam's own benefit due to his lack of preparedness and failure to properly schedule his own calendar. Even if the Plan had not been confirmed on December 18, 2019, the Plan, could at the very least, been negotiated and settled before the next scheduled confirmation date the following month.

The second Confirmation was set for January 13, 2020. Once again, Adam unilaterally delayed and continued the hearing. Once again, Adam failed to give Notice or seek permission from the Debtor to delay. The Debtor only learned of Adam's intention to delay the January 13, 2020 hearing, when he called Adam to determine where and when to meet him for the hearing.

The Debtor traveled from Kentucky to Jacksonville to attend; having been in Kentucky to attend the January Horse Sales at Keeneland for his business. The Debtor incurred damages as a result.

In order to avoid regaling the Court with every communication omission and failure to inform or advise, the Debtor states that Mr. Adam's gross negligence in failing to properly participate in the case, his deliberate unnoticed delays and his failure to communicate with both the Debtor and the Debtor's Creditors, was a consistent and constant theme during his representation.

Although the prospective damages caused by Mr. Adam may be beyond the scope of this Motion; and those damages may need to be addressed by another tribunal in a separate action and/or by the Florida Bar Association, the scope of Adam's sins of omission and his failure to participate in the case should not be lost on this Court.

However, the Debtor puts forward to the Court that the Court very much has the power to disgorge Mr. Adam's of his fee as listed in the Petition, and further sanction him for the violation of the Court's Order to Compel. In addition to the disgorgement of his fee and further sanctions, the Court has the power to immediately order that Thomas Adam is barred from practicing before the Middle District of Florida.

WHEREFORE, based on the foregoing, and verifying that he does not have his file in the matter; the Debtor respectfully requests that the Court issue an Order Staying or placing the case in abeyance as of the date of the filing of this Motion; issue a Show Cause Order in relation to the failure to abide by the Court's Order to Compel the return of the file and in relation to his failure to serve both the Order and Amended Order, which allowed him to Withdraw. The Debtor requests that Adam be held in contempt and sanctioned with the disgorgement of his five thousand dollar ($5,000.00) fee, fined by the Court in an amount the Court sees fit, and hold an evidentiary hearing for damages (if the Court believes it has the jurisdiction in regard to Adam's gross

negligence in regard to his representation;) and to ban and prevent Adam from practicing before the Court; further holding him in contempt in failing to abide by the Order Compelling him to return the file; (with the original "file" including, but not limited to, all pleadings and docket entries, all correspondence between Adam and his agents, correspondence between him, his agents and third parties, and all notes from telephone calls between him, his agents and third parties.) The Debtor also respectfully requests any and all other relief for which the Court deems him entitled.

May 11, 2021                                                   Respectfully submitted,

                                                              _Shane Haffey_
                                                              Shane Haffey
                                                              2083 NW 165th Ct. RD
                                                              Dunnellon, FL 34432
                                                              sandlinbloodstock@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of this Notice was served by electronic mail to the Clerk of the Court for the record at flmb-intake-jacksonville.flmb.uscourts.gov.; for filing on the parties having entered an appearance in this case via the ECF system with the executed original by first class, U.S.P.S. to: U.S. Bankruptcy Court, 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 and copies to:   PHH Mortgage Corporation, P.O. Box 24605, West Palm Beach, FL 33416-4605 and Douglas W. Neway-Chapter 12 Trustee P.O. Box 4308, Jacksonville, FL 32801, May 11, 2021.

                                                /s/ _Shane Haffey_
                                                    Shane Haffey