F I L E D
JACKSONVILLE, FLORIDA

SEP 1 6 2021   VIA EMAIL

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

SHANE HAFFEY,    Case No. 3:19-bk-03711-JAF
                 Chapter 12

       Debtor.
_____/

## CHAPTER 12 FIRST AMENDED PLAN

The Debtor, Shane Haffey, submits this First Amended Plan in accordance with the provisions of §§ 1201, 1225, et seq., United States Bankruptcy Code:

### Terms, Conditions and Preliminary Matters

I.   The effective date of this Chapter 12 Plan shall be the date the Court's Order Confirming Plan is docketed in this case. This provision shall be deemed to include and apply to any Amended or Modified Chapter 12 Plan the Debtor may file prior to confirmation.

II.  The date when the first monthly Plan payment to the Chapter 12 Trustee shall commence shall be the 30th day following the effective date of this Chapter 12 Plan.

III. All Plan payments are to be made through the Trustee's Office with certified funds, cashier's checks or money orders to the following address: Douglas W. Neway, Chapter 12 Trustee, Post Office Box 4308, Jacksonville, Florida 32201.

IV.  The Debtor shall furnish the Chapter 12 Trustee with copies of his Federal Form 1040 Income Tax Returns no later than May 1 of each year, commencing May 1, 2022. If the Debtor's tax return for a particular year is on extension, the Debtor shall so inform the Chapter 12 Trustee and furnish a copy thereof no later than 15 days from the date the extended return is filed.

V.   The Debtor shall submit any tax refund he may receive for the tax years ending December 31, 2021, and December 31, 2022, to the Chapter 12 Trustee for distribution to the holders of allowed, unsecured claims in this case subject to the payment of the Chapter 12 Trustee's commission.

VI.  The Debtor shall produce for examination, inspection and copying by the Chapter 12 Trustee such additional records as the Trustee shall deem appropriate including but not limited to tax returns, bank statements, income and expense statements and invoices.

## Treatment of Claims

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor shall pay to the Trustee the sum of $220.52 per month over the life of the Plan for a total plan period of two (2) years.

2. From the payments so received, the Trustee shall make disbursements as follows:

A. <u>Priority Claims.</u>

1. The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of five percent (5%) of the amount of all payments under the Plan.

2. Any ad valorem property taxes which become due and payable after the date of filing or commencement for this case will be paid directly by the Debtor to taxing authority on an unimpaired basis.

3. United States Internal Revenue Service holds a priority claim [Claim No. 2] in the amended amount of $4,121.42, which shall be paid to the Trustee via twenty-four (24) monthly payments at 3% interest with monthly disbursements of $177.13.

4. The Commonwealth of Kentucky, Department of Revenue filed a priority claim [Claim No. 1] in the amount of $2,039.00, and the claim has been withdrawn.

B. <u>Secured Claims.</u>

1. Deutsche Bank Trust Company, filed a Proof of Claim containing an Assignment of Mortgage on the Debtor's farm property located at 3250 Delong Road, Lexington, KY 40515.

The Stay in relation to the Claim was released by the Court, and Deutsche has currently been removed from the Plan accordingly.

The Order for Relief of Stay in relation to Deutsche, is currently on Appeal with the District Court. Should the District Court or the Eleventh Circuit Court of Appeals overturn the Order and/or remand the case back to the Bankruptcy Court, this Court shall retain jurisdiction for the purpose of the Debtor filing a modification of the Confirmed Plan to include Deutsche.[1]

---

[1] The original Plan contained the following: "[Deutsche] shall be paid on an monthly basis amortized at an interest rate of 4% per annum over a 30-year term in equal monthly installments of $2,430.04. There will be a balance remaining after completion of the Plan. The balance after the 36th monthly Plan payment will be paid directly to this creditor in monthly installments of $2,430.04 beginning with the 37th monthly Plan payment, and continuing thereafter until all principal and interest is paid in full."

C. Unsecured Claims.

The Trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens are void under the Bankruptcy Code or been avoided by Court Order.

D. Other Provisions.

1. The Debtor rejects any executory contracts.

2. Title to all property shall vest in the Debtor upon confirmation of this Plan subject to the liens of creditors to the extent of the value of the property. Upon successful completion of the Plan payments for secured claims which the Plan contemplates paying in full over the term of the Plan as conclusively evidenced by the filing of the Trustee's Notice of Plan Completion, the secured creditor shall execute and deliver in recordable form a satisfaction, release or discharge of its security interest or lien within ten (10) days from the date of Discharge.

3. Any creditor's claims [other than governmental units] filed after the claims bar date shall receive no distribution under this Plan unless specifically provided for above. Governmental units shall have until 180 days from the commencement of the case to file claims, and any claims filed after this date shall receive no distribution under this Plan unless specifically provided for above.

4. Upon entry of an Order Confirming Plan, the terms of this Plan shall be binding on all creditors whether or not a claim was filed. A creditor listed in the Debtor's Schedules D, E, or F, and those creditors listed on the mailing matrix who fail to file a claim shall receive no distribution and upon completion of the Plan payments, any such claim, liability or indebtedness is discharged. Any creditor receiving notice of this bankruptcy filing who does not file a proof of claim, whether said claim is secured, unsecured or priority claim, shall be deemed discharged, released and of no further force and effect unless filed and allowed in this case. No creditor will be allowed to add or include any late charges, penalties, default interest or attorney's fees incurred with respect to any claim from the petition date to the date of Confirmation.

5. Once the Debtor successfully completes this Chapter 12 Plan and a Discharge is entered by the Court, no creditor will be allowed to add or include any late charges, penalties, default interest or attorney's fees with respect to any claim from the date of the instrument or obligation to the date of Discharge.

6. Upon successful completion of the Plan payments for secured claims which the Plan contemplates paying in full over the term of the Plan, the secured creditor shall execute and deliver in recordable form a satisfaction, release or discharge of its security interest or lien within sixty (60) days from the date of Discharge. In the event that a creditor fails to timely provide a release of lien or satisfaction of a lien or mortgage, the Debtor may pursue all available rights and remedies in state court or this bankruptcy court including the recovery of attorney's fees in accordance with §701.04, Florida Statutes.

7. Further, if this case is converted to a case under Chapter 7, or if this Chapter 12 case is involuntarily or voluntarily dismissed, all pre-petition security agreements shall be valid and in full effect as if this case had never been filed.

Dated:   September 16, 2021

Respectfully submitted,

*Shane Haffey*
Shane Haffey
3250 Delong Road
Lexington, Kentucky 40515
sandlinbloodstock@gmail.com
859-552-7388

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof was furnished to creditors and parties in interest per the attached mailing matrix, by United States Mail Postage prepaid or the Court's CM/ECF system if a notice of appearance has been filed, on September 16, 2021.

*Shane Haffey*
Shane Haffey

```
Label Matrix for local noticing 113A-3
Case 3:19-bk-03711-JAF
Middle District of Florida Jacksonville

Deutsche Bank Trust Company Americas 1761 East Street Andrew Place
Santa Ana, CA 92705-4934

Kentucky Department of Revenue
501 High Street Frankfort, KY 40601-2103

Florida Dept. of Revenue Bankruptcy Unit
P.O. Box 6668 Tallahassee, FL 32314-6668

KENTUCKY DEPARTMENT OF REVENUE LEGAL SUPPORT BRANCH
P O BOX 5222
FRANKFORT KY 40602-5222

Douglas W Neway - Chapter 12 Trustee Post Office Box 4308
Jacksonville, FL 32201-4308

Seabrook Island Club
3772 Seabrook Island Rd. Johns Island, SC 29455-6024
```

FIA Card Services NA 1100 North King Street Wilmington, DE 19884 \

United States Trustee - JAX 13/7 7 Office of the United States Trustee George C Young Federal Building
400 West Washington Street, Suite 1100 Orlando, FL 32801-2210

(p)BANK OF AMERICA PO BOX 982238
EL PASO TX 79998-2238

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Marion County Tax Collector P.O. Box 970
Ocala FL 34478-0970

United States Attorney
300 North Hogan St Suite 700 Jacksonville, FL 32202-4204